**Sidney M. WOLFE, M.D., and Public Citizens Health and Research Group, Plaintiffs,**

v.

**DEPARTMENT OF HEALTH AND HUMAN SERVICES, Defendant.**

Civ. A. No. 81–2494.

United States District Court, District of Columbia.

May 7, 1982.

Cornish F. Hitchcock, William B. Schultz, Washington, D. C., for plaintiffs.

Vincent M. Garvey, Andrew M. Wolfe, Attorneys, Dept. of Justice, Washington, D. C., for defendant.

## MEMORANDUM

GESELL, District Judge.

This action was brought under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552 (1976), to obtain a report on the Department of Health and Human Services ("HHS") prepared by President-elect Reagan's transition team. HHS refused to release copies of the HHS transition team

report located within the Department on the ground that it was prepared by the Office of the President-elect and had never become part of the agency's records. The case is before the Court on defendant's motion for summary judgment, plaintiffs' motion for partial summary judgment, the oppositions thereto and the entire record herein.

There is no genuine issue as to any material fact. The HHS transition team, formed in November, 1980, completed its report on December 22, 1980. Copies of the report were submitted to then-Senator Richard Schweiker, the central transition team, and Edwin Meese, the President-elect's immediate advisor. Other copies were kept by the leaders of the HHS transition team for their personal use. Before Schweiker took office he sent his copy of the HHS transition team report to an aide on his Senate staff, David Newhall, who had an additional copy made for his use. Shortly after the inauguration of President Reagan, Newhall, who had by then been appointed chief-of-staff of HHS, took both of these copies to his office at HHS and placed them in a separate, locked bookcase for his personal effects. They have never been mingled with HHS records and indeed since January 20, 1981, they have never been used by any HHS employee, including Schweiker or Newhall, for any purpose except the defense of this litigation. No other copies of the HHS transition team report have been located within HHS after an extensive search.

Defendant contends that the Court lacks jurisdiction under FOIA to compel disclosure of the HHS transition team report because it is not an "agency record," 5 U.S.C. § 552(a)(4)(B).[1] In support of this argument defendant properly relies on *Kissinger v. Reporters Committee for Freedom of the Press*, 445 U.S. 136, 100 S.Ct. 960, 63 L.Ed.2d 267 (1980), in which the Court held that notes taken by Mr. Kissinger while he was a presidential advisor and which were transported to the Department of State upon his becoming Secretary of that agency were not agency records. The Court stated:

> We simply decline to hold that the physical location of the notes of telephone conversations renders them 'agency records.' The papers were not in the control of the State Department at any time. They were not generated in the State Department. They never entered the State Department's files, and they were never used by the Department for any purpose. 445 U.S. at 157 [100 S.Ct. at 972].

Similarly, in this case although copies of the report are physically located at HHS the report was not generated by HHS, is not within the control of HHS, and indeed never entered the Department's files or was ever used by the Department for any purpose.[2]

Plaintiffs attempt to distinguish *Kissinger* on the ground that the transition team report directly related to future policy of the Department in contrast to the notes at issue in *Kissinger* which were more in the nature of personal records. Although the *Kissinger* Court noted that a contrary ruling would have subjected all of Kissinger's personal effects located at the State Department to disclosure, *id.* at 157, 100 S.Ct. at 972, the Court's ruling did not turn on that factor. Instead, the Court rested on the fact that the State Department had

---

1. Plaintiffs have made no claim that either the HHS transition team or the central transition team is a separate agency of the United States or that the report compiled by the HHS transition team is a record of any agency other than HHS. Since plaintiffs' complaint does not name either transition team as a defendant it is unnecessary to consider whether they are subject to suit under FOIA. *Cf.* Conf.Rep.No.93–1200, 93d Cong., 2d Sess. 15 (1974), U.S.Code Cong. & Admin.News 1974, pp. 6267, 6293 (FOIA does not apply to "the President's immediate staff or units in the Executive Office whose sole function is to advise and assist the President").

2. The conclusion that HHS never obtained control of the HHS transition team report is consistent with the precedents in this Circuit. Compare *Goland v. CIA*, 607 F.2d 339 (D.C.Cir. 1978), *cert. denied*, 445 U.S. 927, 100 S.Ct. 1312, 63 L.Ed.2d 759 (1980), with *Holy Spirit Assn. for the Unification of World Christianity v. CIA*, 636 F.2d 838 (D.C.Cir.1980).

never obtained the records and therefore they never became agency records within the meaning of FOIA. *Id.; see also Forsham v. Harris,* 445 U.S. 169, 182, 100 S.Ct. 978, 985, 63 L.Ed.2d 293 (1980).

Plaintiffs also argue that the report is an agency record because it is potentially available to HHS employees and in any event its policy prescriptions may have influenced the actual conduct of agency affairs. The mere opportunity for the government to acquire records is clearly insufficient to bring them within the scope of FOIA disclosure requirements. 445 U.S. at 186 n.17, 100 S.Ct. at 987 n.17. Similarly, if any document that influenced federal agency policy were considered an "agency record" the reach of FOIA would be essentially boundless.

Plaintiffs further contend that their argument that the HHS transition team report is subject to disclosure is supported by the definition of agency records contained in the Federal Records Act, 44 U.S.C. § 2901 *et seq.* (1976), the Records Disposal Act, 44 U.S.C. § 3301 *et seq.* (1976), and the Presidential Records Act, 44 U.S.C. § 2201 *et seq.* (Supp. III 1979). But, on the contrary, these statutes support defendant's narrower construction of the term agency records. The definition of agency records set forth in the Federal Records Act and Records Disposal Act includes only those documents "made or *received* by an agency." 44 U.S.C. §§ 2901 and 3301 (emphasis added). Similarly, the Presidential Records Act defines presidential records to include only those documents "created or *received* by the President." 44 U.S.C. § 2201(2) (emphasis added).

Finally, plaintiffs contend that defendant should not be permitted to claim that the report is not an agency record because Newhall, acting pursuant to express written instructions prepared by the central transition team, sought to avoid disclosure of the report by segregating the copies in his possession from agency files and other working documents in his office. Plaintiffs rely on the warning in *Kissinger* that a document no longer in agency possession might be subject to disclosure "in the event that it was shown that an agency official purposefully routed a document out of agency possession in order to circumvent a FOIA request." 445 U.S. at 155 n.9, 100 S.Ct. at 976 n.9. But this is not that case. The HHS transition team report never became a part of HHS records. Officials of the central transition team determined that protecting the confidentiality of the transition process served an important public purpose by expanding the range of advice available to the President-elect. In light of the exemption from disclosure requirements accorded the Office of the President, *see, Nixon v. Sampson,* 389 F.Supp. 107, 146 (D.D.C.1975), *rev'd on other grounds,* 580 F.2d 514 (D.C.Cir.1978), this determination was not contrary to the spirit of FOIA.

Plaintiffs' motion for partial summary judgment will be denied and summary judgment will be entered for the defendant. An appropriate Order is filed herewith.